## Case No. 15,789.

### UNITED STATES v. MITCHELL.[1]

[2 Dall. 357.]

Circuit Court, D. Pennsylvania.  1795.

CRIMINAL LAW—EVIDENCE—PROOF OF OTHER CRIMES—TREASON.

[1. On a trial for treason, where it was claimed that a circular letter had been written by leaders of the insurrection calling upon militia officers and other citizens to assemble at a place named, with arms, etc., *held*, that a copy of such letter was not admissible in evidence, unless it were shown that it was one of the copies actually circulated at the time of the insurrection.]

---

[1] [This was one of the trials arising out of the so-called "Whiskey Insurrection." occurring in western Pennsylvania in the year 1794. For a full account of the proceedings of the disaffected parties, see U. S. v. Insurgents, Case No. 15,443 ]

[2. It is not competent, on a trial for treason, to prove that the accused, in the course of the insurrection, joined with others in robbing the public mails, when there is already pending a separate indictment against him for that offence, and there is no evidence that the mail was intercepted and rifled with a traitorous intent.]

[This was an indictment for treason.]

In the course of the trial the following points were ruled by THE COURT:

1. The attorney of the district proposed to prove, that a circular letter had been written at Canonsburgh, on the 28th of July, 1794, by several leaders of the insurrection, calling upon the militia officers, and other citizens, to assemble at Braddock's Field on the first of August following, with arms, ammunition and provisions; that the witness had seen the original letter, which was left with him, under instructions to pass it on to another person; and that the copy now produced was conformable, in substance, to the original.

But it was objected by the counsel for the prisoner, that before a copy of the letter could be given in evidence, the loss of the original must be proved; and even then the witness must be able to attest, that he had compared them, and that the copy offered was in all respects correct.

It was answered, by the attorney of the district, that from the general circulation of the letter, copies must have been multiplied, and during a season of such confusion (to which the common rules of evidence are entirely inapplicable) it is impracticable to trace the comparison of any one copy with the original.

BY THE COURT. If it can be proved, that the copy of the letter now produced, was one of those copies, which were actually circulated at the time of the insurrection, it is admissible evidence: but, otherwise, it cannot be read to the jury.

2. The attorney of the district offered testimony to prove, that, in the course of the insurrection, the prisoner joined in robbing the public mail of the United States; and that several of the letters thus intercepted, had been read at the meeting at Braddock's Field.

But it was objected, on behalf of the prisoner, that the robbery of the mail was a felony, for which, as a substantive and independent crime, he was actually charged by another indictment; and that, therefore, evidence relating to it should not be given on the present issue, as the prisoner was not prepared to answer, and a prejudice might be excited against him in the mind of the jury.

BY THE COURT. An act committed with a felonious intention, cannot be given in evidence upon the trial of an indictment for high treason. It does not yet appear, that the mail was intercepted and rifled with a traitorous intention; and, as far as it respects the prisoner, there is another indict-

ment against him, charging the offence merely as a felony. Under these circumstances the testimony cannot be admitted.